**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

MARLYN PHILLIPS,
Plaintiff,

vs.

TRANSUNION, LLC; JOHN DOES 1-10 and X, Y, Z CORPORATIONS;
Defendants.

CASE NO. 2:11-cv-03376-RBS

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

1. This is an action brought by a consumer for violation of alleged violations [sic] of the Fair Credit Reporting Act (FCRA), 15 USC [sic] 1681 et. Seq. [sic].

**ANSWER:** Trans Union denies that it violated the FCRA (or any other law). Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2. Plaintiff is Marlyn Phillips, an adult individual, residing at 854 Martha Lane, Warminster, PA 18974.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

3. Defendants [sic] is Transunion, LLC, with a place of business located at 555 W. Adams Street, Chicago, IL 60661.

**ANSWER:** Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

**JURISDICTION AND VENUE**

4. Jurisdiction and venue are proper because a substantial portion of the transactions, occurrences or omissions took place in this jurisdiction.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5. Jurisdiction and venue are proper because Defendant regularly transacts business in this jurisdiction and avails itself of the market place in this jurisdiction.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6. Jurisdiction and venue are proper in this jurisdiction because witnesses may be located in this jurisdiction.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7. Jurisdiction and venue are proper in this jurisdiction because the Plaintiff whose credit report was allegedly affected by Defendant(s)' alleged unlawful behavior resides in this jurisdiction.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 USC [sic] 1681 et. [sic] seq.**

8. The previous paragraphs of this complaint are incorporated by reference and made a part hereof.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

9. At all times pertinent hereto Plaintiff was a "consumer," as defined by 15 U.S.C. § 1681a(c).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

10. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agencies" [sic] as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

**ANSWER:** Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

11. At all times pertinent hereto, the credit reports mentioned in this complaint were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d) [sic]

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

12. Defendant is an entity who, regularly and in the course of business, furnishes information to one or more credit reporting agencies about Defendant(s) [sic] transactions or experiences with any consumer and Defendant is a "furnisher," as codified at 15 U.S.C. § 1681s-2.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

13. Plaintiff disputed the alleged account(s) in writing with Defendant(s). See Attached [sic] exhibits.

**ANSWER:** Trans Union states that the "exhibits" referred to in this paragraph speak for themselves. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

14. Defendant(s) received Plaintiff's disputes concerning the alleged account(s). See attached exhibits.

**ANSWER:** Trans Union states that the "exhibits" referred to in this paragraph speak for themselves. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

15. Defendant purported to have investigated the disputed account(s), and verified the disputed information concerning such account(s). See attached exhibits.

**ANSWER:** Trans Union states that the "exhibits" referred to in this paragraph speak for themselves. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

16. Plaintiff requested that Defendant conduct a reinvestigation pursuant to 15 USC [sic] 1681 i [sic]. See attached exhibits.

**ANSWER:** Trans Union states that the "exhibits" referred to in this paragraph speak for themselves. Trans Union states that it lacks knowledge or information at this time sufficient to

form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

17. Defendant did conduct one or more reinvestigations pursuant to 15 USC [sic] 1681 i[sic], at which time Defendant(s) purportedly verified such accounts. See attached exhibits.

**ANSWER:** Trans Union states that the "exhibits" referred to in this paragraph speak for themselves. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

18. Pursuant to 15 USC [sic] 1681 i[sic], et. [sic] seq. [sic] Defendant had a duty to inform Plaintiff upon Plaintiffs [sic] written request as to what Defendant(s) [sic] method of verification was when Defendant(s) conducted such reinvestigation(s).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

19. Plaintiff sent Defendant(s) written requests asking Defendant(s) what method of verification that Defendant(s) used to conduct the reinvestigation. See attached exhibits.

**ANSWER:** Trans Union states that the "exhibits" referred to in this paragraph speak for themselves. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

20. Defendant refused to inform Plaintiff what Defendant(s) [sic] method of verification was following Plaintiff's written request to Defendant(s) to do so.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21. Defendant(s) breached its / their duty under 15 USC [sic] 1681 i[sic], et. [sic] seq. to inform Plaintiff as to what Defendant(s) [sic] method of verification was when Defendant(s) conducted such reinvestigation(s).

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

**LIABILITY**

22. The previous paragraphs of this complaint are incorporated by reference and made a part hereof.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

23. At all times various employees and / or agents of Defendant were acting as agent of Defendant, and therefore Defendant is liable to [sic] for the acts committed by its agents and / or employees under the doctrine of respondeat superior.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

24. At all times various employees and / or agents of Defendant were acting jointly and in concert with Defendant, and Defendant is liable for the acts of such employees and / or agents under the theory of joint and several liability because Defendant and its agents were engaged in a common business venture and were acting jointly and in concert.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**DAMAGES**

25. The preceding paragraphs are incorporated by reference and made a part hereof.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

26. Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, phone calls, fax, gas, mileage, etc.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

27. $1,000.00 statutory damages under 15 USC [sic] 1681 et. [sic] seq.

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

28. Plaintiff suffered some distress and anger as a result of his rights being violated by Plaintiff and the rights of other consumers.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29. The value of Plaintiff's emotional distress shall be proven at trial.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

30. Plaintiff believes and avers that for purposes of a default judgment, Plaintiff's distress has a Dollar [sic] value of no less than $5,000.00.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

31. Plaintiff believes and avers that the acts committed by Defendant are willful, wanton [sic] intentional, or reckless at best. Plaintiff believes and avers that Plaintiff's acts are

systemic. Therefore, punitive damages are warranted.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

32. Plaintiff believes and avers that punitive damages should be awarded to Plaintiff in the amount of no less than $20,000.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

33. Attorney fees of $3,237.50 at a rate of $350.00 per hour, described below.

| | | |
|---|---|---|
| a. | Consultation with Client and drafting dispute letters and letters of inquiry | 4 |
| b. | Drafting, review and editing of complaint | 2 |
| c. | Travel, document processing and filing | 1 |
| d. | Service of Process | .25 |
| e. | Follow up correspondence with Defense | 2 |

Total = 9.25 $3,237.50

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

34. Plaintiff's attorney fees continue to accrue as the case moves forward.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

**INJUNCTIVE RELIEF**

35. Plaintiff seeks an order from this Honorable Court Directing [sic] Defendant(s) to provide written description of the method of verification that was used by Defendant(s) to conduct the reinvestigation on Plaintiff's account referenced in the attached exhibits.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

36. Plaintiff requests such other relief as this court may deem just and proper.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

37. Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of $29,238.50 (actual damages, statutory damages, attorney fees). Plaintiff also seeks punitive damages. Plaintiff also seeks such other relief as this Court deems fair and just.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3. Trans Union's reports concerning Plaintiff were true or substantially true.

4. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of

applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date: May 27, 2011

Respectfully submitted,

*/s/ Timothy P. Creech*

Timothy P. Creech, Esq.
Kogan Trichon & Wertheimer, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA 19103-3699
Telephone: (215) 575-7600
Fax: (215) 575-7688
E-Mail: tcreech@ktwlaw.com

*Counsel for Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **27th day of May, 2011**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| **for Plaintiff Marlyn Phillips**<br><br>Vicki Piontek, Esq.<br>palaw@justice.com | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the _______ **day of May, 2011**, properly addressed as follows:

| None. | |
|---|---|

*/s/ Timothy P. Creech*
Timothy P. Creech, Esq.
Kogan Trichon & Wertheimer, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA 19103-3699
Telephone: (215) 575-7600
Fax: (215) 575-7688
E-Mail: tcreech@ktwlaw.com